■ CHARLES CRENSHAW et al., Appellants, v AMERESQUE, INC., et al., Respondents. [702 NYS2d 322] —In an action to recover damages for personal injuries, the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Jacobson, J.), dated June 22, 1998, which, upon a jury verdict on the issue of liability in favor of the defendants, denied their motion pursuant to CPLR 4404 to set aside the verdict, and (2) a judgment of the same court entered December 7, 1998, which is in favor of the defendants and against them.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The plaintiffs were allegedly injured when an automobile operated by the plaintiff Louise Crenshaw and in which the plaintiff Charles Crenshaw was a passenger, collided with a truck operated by the defendant Guy DeFonzo, which was travelling in the opposite direction on the same street. DeFonzo testified that he was on his side of the street at all times. Louise Crenshaw testified that she was waiting in her lane of travel to make a left turn at an intersection when the truck

crossed into her lane and struck the passenger side of her car. However, Charles Crenshaw testified that the car had made the left turn and was in the intersection when it was struck by the truck. This conflicting evidence created a question of credibility. Great deference should be accorded the conclusion of the fact-finder which saw and heard the witnesses (*see, Nicastro v Park,* 113 AD2d 129, 136). Here, the verdict was based on a fair interpretation of the evidence and it should not be disturbed (*see, Nicastro v Park, supra,* at 134). Sullivan, J. P., Friedmann, Feuerstein and Smith, JJ., concur.